UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEE

                        Plaintiff,

- against -

AMERICAN MEDIA, INC.

                        Defendant.

Docket No. 18-cv-3718

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff Jackson Lee ("Lee" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant American Media, Inc. ("AMI" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of celebrity John Legend and his baby daughter Luna. The photograph is owned and registered by Lee, a professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Lee is a professional photojournalist having a usual place of business at 515 West 52nd Street, PH2H, New York, NY 10019.

6. Upon information and belief, AMI is a business corporation duly organized and existing under the laws of Delaware with a place of business at 4 New York Plaza, New York, NY 10004.

7. At all times material hereto, Defendant has owned, operated and published the print magazine "US Weekly" (the "Magazine").

8. Defendant is a for-profit entity.

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

9. Lee photographed celebrity John Legend and his baby daughter Luna (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

10. Lee is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-086-355, effective as of February 2, 2018.

**B.     Defendant's Infringing Activities**

12. On February 19, 2018, Defendant ran an article in the Magazine entitled *Life With Luna* (the "Article").

13. Defendant's Article prominently featured the Photograph. Screenshots of the Article as it appears in the Magazine are attached hereto as <u>Exhibit B</u>.

14. Defendant did not obtain a license from Plaintiff to display the Photograph in the Magazine.

15. Defendant did not have Plaintiff's permission or consent to publish the Photograph in the Magazine.

16. Prior to publishing the Photograph in the Magazine, Defendant did not communicate with Plaintiff.

17. Subsequent to publishing the Photograph in the Magazine, Defendant did not communicate with Plaintiff.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST AMI)**
(17 U.S.C. §§ 106, 501)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph in the Magazine.

20. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

21. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

22. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

23. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

24. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant AMI be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant AMI be ordered to remove the Photograph from its Magazine;

3. That Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
April 26, 2018

        LIEBOWITZ LAW FIRM, PLLC

        By: /s/JamesFreeman
            James H. Freeman
        11 Sunrise Plaza, Suite 305
        Valley Stream, NY 11580
        Tel: (516) 233-1660
        JF@LiebowitzLawFirm.com

        *Attorneys for Plaintiff*
        *Jackson Lee*